THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| Jay M. Hoffman, | ) |
| | ) |
|        Plaintiff, | ) |
| | ) |
| v. | )   Case No. 3:11-cv-00042 |
| | ) |
| Acting Social Security Administration | ) |
| Commissioner, Carolyn W. Colvin, | ) |
| | ) |
|        Defendant. | ) |

**REPORT AND RECOMMENDATION**

Plaintiff Jay Hoffman filed a Motion for Approval of Attorney's Fees Under 42 U.S.C. § 406(b). (Doc. #32). Hoffman's motion seeks an award of attorney's fees in the amount of $9,434.50 for legal work completed by his attorney as part of Hoffman's federal court appeal following the administrative denial of his application for social security benefits.[1] Defendant has no objection to plaintiff's motion for attorney's fees. (Doc. #36). However, defendant notes that the award of $5,250 in attorney's fees made by this court under the Equal Access to Justice Act (Doc. #26, 30, and 31) must be reimbursed to the plaintiff by plaintiff's counsel in the event the court awards attorney's fees under 42 U.S.C. § 406(b), since an award under § 406(b) would be the greater of the two fees. (Doc. #36).

---

[1] Plaintiff appealed the denial of his application for social security disability benefits to this court. (Doc. #1). The magistrate judge on report and recommendation recommended the district court remand Hoffman's case for rehearing and Chief Judge Ralph Erickson adopted the magistrate judge's report and recommendation. (Doc. #23, 24). Following a rehearing of plaintiff's case, a fully favorable decision was issued by the defendant finding Hoffman disabled and entitled to benefits. (Doc. #35 at 1).

1

**Summary of Recommendation**

Upon review of the pleadings, the magistrate judge **RECOMMENDS** plaintiff's Motion for Approval of Attorney's Fees Under 42 U.S.C. § 406(b) be **GRANTED** in the amount of $9,434.50.

**Discussion**

Plaintiff's counsel represented plaintiff in this matter under a 25 percent contingency fee contract. (Doc. #35, 34-2). The contingency fee contract provided counsel would receive 25 percent of any back award of benefits obtained for the primary and auxiliary beneficiaries.[2] (Doc. #35 at 2, Doc. #34, ex. 2 at 1). Following plaintiff's award of social security disability benefits, plaintiff's counsel submitted administrative fee petitions seeking an award of fees totaling $28,330.50.[3] (Doc. #35 at 2-3). An ALJ approved an award of $18,896.00 in fees to plaintiff's counsel for the administrative proceedings. (Doc. #35 at 3).

Plaintiff's motion for attorney's fees before this court seeks the $9,434.50 remaining in fees pursuant to the contingency fee contract. Plaintiff cites Gisbrecht v.Barnhardt to support his contention that contingency fee agreements are not displaced by § 406(b) and it is within the court's discretion to review the fee for reasonableness. (Doc. #35 at 3); Gisbrecht v. Barnhardt, 535 U.S. 789 (2002).

---

[2] Plaintiff received a back award of benefits in the amount of $76,709.90. Plaintiff's two children as auxiliary beneficiaries received a back award of benefits in the amount of $40,271.00. In total, the back award of benefits received by plaintiff and his auxiliary beneficiaries amounted to $116,980.90. Pursuant to the contingency fee agreement, the court calculates plaintiff's counsel is entitled to receive $29,245.23.

[3] At the time, counsel's fee petition for the amount of $28,330.50 was based on "the best information that could be obtained regarding the back awards in light of the absence of a Notice of Award for Steven [plaintiff's son]." (Doc. #35 at 3).

In Gisbrecht, the court determined § 406(b) does not displace contingency fee agreements to the extent that the fee agreement does not exceed 25 percent of the past-due benefits and § 406(b) also "calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." Id. at 807. A court may reduce an attorney's fee where the attorney causes delay in order to allow benefits to accumulate during the pendency of the matter in court, or where the award of benefits is large compared to the amount of time the attorney invested in the case, or where representation was substandard. Id. at 808. Additionally, to assist its reasonableness evaluation the court may request counsel provide a detailed account of the attorney's billable hours spent representing the claimant and information regarding counsel's non-contingent fee hourly billable rate. Id.

Here, counsel has provided the court with a detailed account of the hours he spent working on plaintiff's appeal. (Doc. #34, ex. 1). Counsel also provided the court with a record of the "lost hours" he spent pursuing Notice of Award information from the defendant for the purpose of calculating the contingency fee in order to submit his fee petitions to the defendant. (Doc. #34, ex. 3). The court has reviewed counsel's record of the billable hours he spent representing the plaintiff and his non-contingent fee billable rate. This lodestar amount is quite close to the contingent fee amount. Both appear to be reasonable in light of the work required to represent the plaintiff in this complex matter and the fact that counsel is an experienced social security disability attorney. Furthermore, the court finds any justification for a downward adjustment in the contingency fee contracted between plaintiff and his counsel is absent. Therefore, the court finds the remaining $9,434.50 in attorney's fees sought by plaintiff in accordance with the agreed upon contingency fee contract is reasonable.

In addition, the court agrees with the defendant that plaintiff's counsel must refund the $5,250.00 awarded under the EAJA to plaintiff. Gisbrecht, 535 U.S. at 796.

**Conclusion**

After reviewing the pleadings, the magistrate judge **RECOMMENDS** plaintiff's Motion for Approval of Attorney's Fees Under 42 U.S.C. § 406(b) (Doc. #32) be **GRANTED** and plaintiff's counsel be awarded a fee of $9,434.50 for work performed on the federal court appeal, with the requirement that plaintiff's counsel refund awarded EAJA fees in the amount of $5,250.00 to plaintiff.

**Notice of Right to Object**

Pursuant to Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1 (D)(3), any party may object to this recommendation within fourteen (14) days after being served with a copy.

Dated this 5th day of May, 2014.

/s/ *Karen K. Klein*
Karen K. Klein
United States Magistrate Judge